Tanya Levinson Moore, Esq. SBN 206683
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA 95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

RONALD MOORE,

    Plaintiff,

vs.

SURJIT SINGH and KANWAL PREET dba STOP N SHOP,

    Defendants.

No.

**Plaintiff's Complaint**

## I. SUMMARY

1. This is a civil rights action by plaintiff Ronald Moore ("Moore") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Stop N Shop
777 W. Ashlan Avenue
Fresno, CA 93612
(hereinafter "Grocery Store")

2. Moore seeks damages, injunctive and declaratory relief, attorney fees and costs, against SURJIT SINGH and KANWAL PREET dba STOP N SHOP (hereinafter referred to collectively as Defendants), owners and operators of Stop

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 1

N Shop ("Grocery Store"), pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II.  JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Moore's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.  VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.  PARTIES

7. Defendants own, operate, and/or lease the Store, and consist of a person (or persons), firm, and/or corporation.

8. Moore was diagnosed with hydrocephalus, degenerative disc disease of the lower back, cervical radiculopathy, B knee arthritis and chronic pain syndrome since 2002 and requires the use of a wheelchair when traveling about in public.  Consequently, Moore is physically disabled, as defined by all applicable California and United States law and the member of the public who's rights are protected by these laws.

## V.  FACTS

9. The Store is a public accommodation facility/retail store, open to the public, which is intended for nonresidential use and whose operation affects commerce.

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

10. Moore visited the Store and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Moore, the barriers at the Store included, but are not limited to, the following:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;
2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE. TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number);
3) The correct number of standard accessible and van-accessible parking stalls is not provided on the site;
4) Parking spaces are not located on the shortest accessible route of travel from adjacent parking to the accessible entrance;
5) Accessible parking space access aisles are not part of an accessible route of travel to the building or facility;
6) Parking bumper or curb is not provided to prevent encroachment of cars over the required width of walkways;
7) Ramps encroach into accessible parking spaces or access aisles;
8) Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 3

9) Access aisle on the passenger side of the van accessible parking space is less than 8' wide;

10) Parking space and access aisle are less than 18' long;

11) Each parking space reserved for persons with disabilities is not identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accesibility in white on a dark blue background;

12) Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

13) An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

14) The surface of each accessible parking pace does not have a surface identification duplicating either of the following schemes:
   a. By outlining or painting the stall or space in blue and outlining on the ground in the stall or space in white or suitable contrasting color a profile view depicting a wheelchair with occupant;
   b. By outlining a profile view of a wheelchair with occupant in white on blue background.  The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 36" high by 36" wide;

15) The loading and unloading access aisle is not marked by a border that is painted blue;

16) There are no hatched lines that are a maximum of 36" on center painted with a contrasting color;

17) The words "NO PARKING" are not painted in white on the ground within each access aisle;

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

18) There is no accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

19) Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

20) The sidewalk in front of the entrance contains a cross-slope over 2.0%;

21) Single accommodation toilet does not provide one accessible water closet and one accessible lavatory;

22) Doors swing into the clear floor space required for lavatory/water closet;

23) Doors, fixtures and controls are not located on an accessible route;

24) The minimum clear width of the accessible route is less than 36";

25) The entrance door to the single-accommodation restroom is not accessible;

26) Recessed doormats are not adequately anchored to prevent interference with wheelchair traffic;

27) Sanitary facility's doorway is less than 3' wide;

28) Handles, pulls latches, locks and other operating devices on accessible doors does not have an easy to grasp shape and require tight grasping, tight pinching or twisting of the wrist to operate;

29) Sufficient space for a wheelchair measuring 30" wide x 48" long to enter the room and permit the door to close is not provided;

30) A clear space of sufficient size to inscribe a 60" diameter circle, or a T-shaped clear space is not provided within the sanitary facility room;

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

31) The door encroaches more than 12" into the required clear space;

32) The centerline of the water closet is located less than 18" distance from the side-wall or partition;

33) The water closet is ADJACENT to another fixture. The minimum 28" wide clear floor space is not provided from the side of the water closet to the adjacent fixture;

34) A minimum 60" wide and 48" deep clear floor space is not provided in front of the water closet;

35) The top of the toilet seat is less than 17"-19" from floor surface measured to the top of a maximum 2" high toilet seat;

36) The flush valve is on the narrow side of the toilet area;

37) Toilet room floor surface is not smooth;

38) The side grab bar is not securely attached and is not mounted at 33" to the center of the bar above and parallel to the floor;

39) Rear grab bar is less than 36" long;

40) The rear grab bar does not extend from the centerline of the water closet 12" minimum on one side and 24" minimum on the other side;

41) The grab bar and any wall or other surface adjacent to it is not free of sharp or abrasive elements;

42) There no minimum 30"x48" clear space provided in front of the lavatory for forward approach;

43) The rim or counter of the lavatory is over 34" high;

44) The lavatory has less than 17" of horizontal depth;

45) Drain and hot water piping is not insulated or configured to prevent contact;

46) There are sharp and abrasive elements under lavatory;

47) Faucets are not lever type;

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

48) Faucet controls and operating mechanisms are not operable with one hand and require tight grasping, pinching or twisting of the wrist;

49) A minimum of 30"x48" clear floor space is not provided to allow forward or parallel approach to accessories;

50) Mirror is located above accessible lavatory or countertop is not installed with the bottom edge of the reflective surface 40" minimum above the finish floor or ground;

51) Operable parts (including coin slots) of all fixtures or accessories are located more than 40" above floor;

52) Coat hooks and shelving are not located within the appropriate reach ranges;

53) Sanitary facility is not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door;

54) The International Symbol of Accessibility is not posted at accessible sanitary facilities;

55) The groceries and other items for sale are not located within reach;

56) There are no signs offering assistance to disabled persons provided.

These barriers prevented Moore from enjoying full and equal access.

11. Moore was also deterred from visiting the Store because he knew that the Store goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Moore also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 7

complaint, however, should be construed as an allegation that Moore is seeking to remove barriers unrelated to his disability.

13. Defendants knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Store to conform to accessibility standards. Defendants have intentionally maintained the Store and in its current condition and haves intentionally refrained from altering the Store so that it complies with the accessibility standards.

15. Moore further alleges that the (continued) presence of barriers at the store is so obvious as to establish Defendants discriminatory intent.[1] On information and belief, Moore avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Store; conscientious decision to the architectural layout (as it currently exists) at the Store; decision not to remove barriers from the Store; and allowance that Defendants' property continues to exist in its non-compliance state. Moore further alleges, on information and belief, that the Store is not in the midst of a remodel, and that

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 8

the barriers present at the Store are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI.   FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Moore incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

18. Defendants discriminated against Moore by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Store during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id</u>. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  <u>Id</u>. § 12182(b)(2)(A)(v).

---

[2] <u>Id</u>.; 28 C.F.R. § 36.211(b)

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 9

1   21.   Here, Moore alleges that Defendants can easily remove the architectural barriers at Store without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

23.   On information and belief, the Store was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24.   The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

25.   Here, Defendants violated the ADA by designing and constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public – including Moore – when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26.   On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Defendants altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Moore – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Moore seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Moore also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### VII.   SECOND CLAIM

**Disabled Persons Act**

33. Moore incorporates the allegations contained in paragraphs 1 through 30 for this claim.

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Defendants discriminated against the physically disabled public – including Moore – by denying them full and equal access to the Store. Defendants also violated Moore's rights under the ADA, and therefore, infringed upon or violated (or both) Moore's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Moore seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.  THIRD CLAIM

### Unruh Civil Rights Act

40. Moore incorporates the allegations contained in paragraphs 1 through 30 for this claim.

1      41.     California Civil Code § 51 states, in part, that; All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.     Defendants aforementioned acts and omissions denied the physically disabled public – including Moore – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Moore by violating the Unruh Act.

46.     Moore was damaged by Defendants wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.     Moore also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.     Moore incorporates the allegations contained in paragraphs 1 through 13 of this claim.

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 13

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Moore alleges the Store and Gas Station is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52. Defendants' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Moore and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Moore prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[4]
5. Interest at the legal rate from the date of the filing of this action.

Dated: May 5, 2010                         /s/Tanya Levinson Moore
                                           Tanya E Levinson Moore
                                           Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Surjit Singh, et al.*

Plaintiff's Complaint

Page 14